UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
MINH HUE KHUU,                          )
                                        )   No. C08-0312RSL
                    Plaintiff,          )
        v.                              )   DEFAULT JUDGMENT
                                        )
ALEX NGUYEN, *et al.*,                  )
                                        )
                    Defendants.         )
_____)

This matter comes before the Court on plaintiff's "Memorandum in Support of Plaintiff's Application for Entry of Default Judgment Against Alex Nguyen." Dkt. #15. Plaintiff alleges that defendant Nguyen fraudulently and without authorization obtained lines of credit in plaintiff's name. In the complaint, plaintiff requested an award of actual damages, statutory damages, punitive damages, attorney's fees, and costs. Complaint at 7. Although defendant Nguyen was served with the summons and complaint on April 3, 2008 (Dkt. # 8), he has not responded. Default was entered against him on May 14, 2008. Dkt. # 10.

Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true, and the defaulting party is deemed to have admitted all allegations in the complaint pertaining to liability. See TeleVideo System, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); Danning v. Lavine, 572 F.2d 1386, 1389 (9th Cir. 1978); Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir.

DEFAULT JUDGMENT

1983). The court need not make detailed findings of fact as long as the allegations contained in the pleadings are sufficient to establish liability. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Because plaintiff's claim of damages is unliquidated, she must provide competent evidence from which the Court can ascertain the judgment amount. See Microsoft Corp. v. Nop, 549 F. Supp.2d 1233, 1236 (E.D. Cal. 2008).

Having reviewed the allegations of the complaint and the memorandum and declaration submitted by plaintiff, the Court finds as follows:

A. Emotional Distress Damages

Plaintiff seeks emotional distress damages in the amount of $130,000. In support of this amount, plaintiff states that she has "expended countless hours crying, worrying about the disruption Alex Nguyen brought to [her] life," that she felt betrayed and cheated, and that defendant's abuse of her trust had left her deeply depressed and very embarrassed. Defendant's conduct also left her and her credit history at the mercy of third parties, some of which proved particularly unhelpful when she attempted to rehabilitate her credit. Finally, plaintiff states that she was so upset by the worry and concern caused by Nguyen's activities that she lost dozens of nights of sleep, had disturbed sleep for six months, and has been subject to headaches. While the Court has no doubt that defendant's conduct caused plaintiff stress and embarrassment, there is no indication that she suffered economic hardship (in the form of lost or avoided credit), required medical treatment, or was subjected to aggressive collection efforts. See Myers v. LHR, Inc., 543 F. Supp.2d 1215, 1218 (S.D. Cal. 2008). The Court concludes that $100,000 is a more reasonable amount under the circumstances to compensate plaintiff for the emotional distress she suffered.

B. Lost Incidental Time

Plaintiff seeks $2,500 for time spent attempting to correct her credit history, contact the police, and hire an attorney to pursue her claims against defendant Nguyen. Given that plaintiff has been dealing with the repercussions of Nguyen's actions since July 2007, this

amount is reasonable.

C. Attorney's Fees and Costs

Plaintiff requests an award of $2,400 in attorney's fees, or the equivalent of 8 hours at $300/hour, and $200 in filing and service fees. Although counsel has not provided an affidavit regarding the fees and costs incurred, the activities reflected in the docket justify such an award.

D. Punitive Damages

Finally, plaintiff seeks an award of $30,000 in punitive damages. No argument or evidence is presented in support of this claim.

There is an adequate basis to enter default judgment in favor of plaintiff and against defendant Alex Nguyen in the amounts of:

| | |
|---|---|
| Emotional Distress | $100,000 |
| Lost Incidental Time | $2,500 |
| Attorney's Fees | $2,400 |
| Costs | $200 |

for a total of $105,100.

Dated this 1st day of June, 2009.

*MMS Lasnik*

Robert S. Lasnik
United States District Judge

DEFAULT JUDGMENT           -3-